UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SANDRA PATES and ALVIN PATES,

Plaintiffs,

vs.

QUALITY LOAN SERVICE COMPANY, et al.,

Defendants.

CASE NO. 10-CV-296 W (NLS)

**ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR RECONSIDERATION (Doc. No. 30.)**

On May 21, 2010, Plaintiffs Sandra and Alvin Pates' ("Plaintiffs") filed an ex parte motion requesting that this Court reconsider its previous decision to dismiss this lawsuit with prejudice. Defendants have opposed their request.

The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1) And for the reasons stated below, the Court **DENIES** Plaintiffs' motion. (Doc. No. 30.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Sandra Pates is the former title holder of a single property located at 613 Marazon Lane, Vista, California 92081 (the "Property"). Plaintiff Alvin Pates is her

husband. Defendants are a collection of financial institutions that allegedly were involved with the mortgage and sale of the Property.

On February 13, 2009, Plaintiff Sandra Pates filed a lawsuit regarding the mortgage on the Property. On March 20, 2009, that lawsuit was removed to this Court. And on November 2, 2009, it was dismissed with prejudice and a judgment was entered in favor of Defendant EMC Mortgage Corporation. (See case no. 10-CV-296-W-POR, hereafter referred to as Pates I.)

On February 5, 2010, Plaintiffs filed the instant lawsuit. (Doc. No. 1.) On May 12, 2010, this Court granted a motion to dismiss this case with prejudice. On May 21, 2010, Plaintiffs filed an ex parte motion requesting that this Court reconsider that decision based upon a provision in the California Code of Civil Procedure. (Doc. No. 30.) On May 25, 2010, Defendants filed an opposition. (Doc. No. 31.)

## II. LEGAL STANDARD

Under Rule 60(b)(1) of the Federal Rules of Civil Procedure, a court can relieve a party from a final judgment, order, or proceeding because of mistake, inadvertence, surprise, or excusable neglect. As such, "Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of [the litigants] and the courts in the finality of judgments." Harvest v. Castro, 531 F.3d 737, 747–748 (9th Cir. 2008); citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001).

Civil Rule 60(b)(6), the so-called catch-all provision, provides that on motion "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for … any other reason [in addition to those categories specified in (b)(1)-(5)] that justified relief." Fed. R. Civ. P 60(b)(6). In the context of default judgments, the Ninth Circuit has cautioned that 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice…." Harvest, 531 F.3d at 749 (quoting Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir.2006)

The moving party bears the burden of demonstrating Rule 60(b)'s applicability. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d at 695. But the application of Rule 60(b) is committed to the discretion of the district courts. Id.

## III. DISCUSSION

As an initial matter, Plaintiffs have moved for reconsideration under California Code of Civil Procedure § 1008. In this case, however, federal procedural law controls. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Hanna v. Plumer, 380 U.S. 460, 468, (1965). As such, the Court has construed Plaintiffs' request as a motion brought pursuant to Federal Rule of Civil Procedure 60(b).

This Court granted Defendants' motion to dismiss for two reasons. Primarily, the motion was granted because Plaintiffs failed to oppose it. Second, notwithstanding Plaintiffs' failure to oppose, the Court found that the instant lawsuit was barred by the doctrine of *res judicata*, due to the judgment entered in Pates I. (See Doc. No. 27 at 3.)

In their motion for reconsideration, Plaintiffs complain that they are *pro se* and deserve leniency in regards to filing deadlines. They have also provided additional factual and legal arguments which they contend justify the requested relief. Plaintiffs have not, however, mentioned Pates I or the doctrine of *res judicata*.

As this Court previously explained, both Pates I and this lawsuit arise from the same common nucleus of operative facts—the mortgage on the Property.(Doc. No. 27 at 3.) Plaintiffs have done nothing to upset that conclusion. Thus, even if the Court was inclined to provide some leniency in regards to filing deadlines – which it is not – this lawsuit would still be barred by the judgment in Pates I.[1] As such, the Court finds that Plaintiffs have failed to demonstrate Rule 60(b)'s applicability and are not entitled to the requested relief. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d at 695.

---

[1] Plaintiffs should also be reminded that this Court dismissed Pates I with prejudice because Plaintiff Sandra Pates abandoned that lawsuit and failed to oppose a motion to dismiss. (See Case No. 09-CV-571, Doc. No. 13.)

## IV. CONCLUSION

In light of the foregoing, Plaintiffs' motion to reconsider is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 28, 2010

Hon. Thomas J. Whelan
United States District Judge